JUSTICE HOOD,
concurring.
¶16 I agree with the majority that the suppression order should be reversed because an officer could reasonably and in good faith believe the warrant established probable cause. For those forced to travel this path again, however, I write separately to explain how I reconcile our decision today with our arguably conflicting decision in People v. Miller, 75 P.3d 1108 (Colo. 2003).
¶17 In Miller, we affirmed a trial court’s order suppressing evidence because the warrant used to obtain that evidence was based on stale information. Id. at 1116-17. The affidavit supporting the warrant contained information about two events tying methamphetamine manufacturing to the location to be searched (Miller’s house), but the more recent of those occurred one month before police sought the warrant. Id. at 1114. We held officers could not have reasonably relied on the warrant in good faith because the affidavit was “bereft of current information about illegal activity at Miller’s house.” Id. at 1116-17.
¶18 Although such broad language in Miller might seem to support some of Cooper’s arguments, closer examination of the underlying facts reveals otherwise. Indeed, neither Miller nor People v. Randolph, 4 P.3d 477 (Colo. 2000), on which Cooper also relies, compels the result he seeks here. True,'both involved stale information, and in both cases we held that the warrants were “bare bones” upon which officers could not have reasonably relied in good faith. See Miller, 75 P.3d at 1115-17; Randolph, 4 P.3d at 482, 484. But in Randolph, we focused on the warrant’s inadequate geographic particularity—not staleness. 4 P.3d at 484. And the evidence in Miller did not demonstrate an ongoing operation at the house to be searched as convincingly as does the evidence here. There, the evidence showed that Miller had manufactured drugs twice in his house (one month and four months before the warrant application), but it also showed that the manufacturing operation was mobile and Miller had manufactured at other locations. Miller, 75 P.3d at 1115.
¶19 Critically, even though the affidavit here does not contain specific dates, it sets forth more recent information about criminal activity in the house than the month-old information in Miller. Some of the informant’s statements in the affidavit—written in the present tense—indicate that the informant believed the drugs were present in the house on the day the informant spoke with police, the same day police sought the warrant. For example, the third paragraph of the affidavit begins, “The informant states that the narcotics are somewhere within the residence.” (Emphasis added.) While the value of such present-tense language in establishing probable cause may be debatable, that language supports the notion that these officers relied on this affidavit in good faith.
¶20 Perhaps most importantly, the majority opinion does nothing to diminish Miller’s holding that officers, even in cases involving evidence of ongoing criminal operations, must supply in the affidavits they tender— and verify in the warrants they obtain—the “crucial link between the place to be searched and current information of criminal *1176 activity or the presence of contraband there.” See id. at 1116. Instead, the court today simply concludes that officers in this case could have reasonably believed that this “crucial link” had been established by current information. I agree with that conclusion.
I am authorized to state that JUSTICE MÁRQUEZ joins in this concurrence.